**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2112
_____

UNITED STATES OF AMERICA

v.

JOSEPH L. OVERTON,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:01-cr-00431-1)
District Judge: Hon. Petrese B. Tucker

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2011

Before: BARRY, CHAGARES, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: March 22, 2011)

_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Joseph Overton appeals the District Court's sentence for his violation of

supervised release. For the reasons set forth below, we will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. Overton was sentenced to seventy-seven months of imprisonment followed by thirty-six months of supervised release for a bank robbery in 2001. Less than two weeks after being released from prison in 2007, Overton again committed a bank robbery. He was later sentenced to fifteen years of imprisonment for the second bank robbery. The instant appeal arises from his sentence of twenty-four months of imprisonment for violation of supervised release. In imposing the sentence, the District Court ordered that the time for violation of supervised release run consecutively to the fifteen year bank robbery sentence because it wanted to punish Overton for the separate crime of violation of supervised release above and beyond his punishment for bank robbery.

II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and this Court has jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sentencing proceeds in two stages: first, we ensure that no procedural errors occurred, and second, we examine the substantive reasonableness of the sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). An abuse of discretion standard applies to our review of Overton's request for a partially concurrent sentence, as this objection was preserved. Id. at 567-58. We review unpreserved objections to sentencing, such as Overton's claim regarding the correct sentencing factors, for plain error. United States v. Dyer, 325 F.3d 464, 467 (3d Cir. 2003).

III.

2

Overton first argues that the District Court committed a procedural error in failing to recognize that it had the power to order part of his sentence for violation of supervised release to run concurrently to his bank robbery sentence. He construes the District Court's comments at sentencing to mean that the District Court believed that it could either impose a twenty-four month sentence to run entirely concurrently or entirely consecutively, or that it could impose a shorter sentence to run consecutively, and thereby effectively impose a partially concurrent sentence. What Overton argues the District Court did not understand is that it could have still imposed a twenty-four month sentence, but ordered a portion of the sentence to run concurrently, with the rest running consecutively. He requests that this Court clarify the options before the District Court and remand for further consideration.

Although the District Court did not explicitly state that it recognized that it had the option to sentence Overton to a partially concurrent sentence, the record in this case reflects that the District Court was fully aware of its options. After the District Court stated its intention to sentence Overton for twenty-four months to run consecutively to his bank robbery sentence, his attorney requested that some of this period be designated as concurrent to the bank robbery sentence. The District Court stated "[w]ell, when you say 'making some part,' what would be a determinative way to make some part of it concurrent?" Appendix ("App.") 77-78. Defense counsel as well as the Government then responded by discussing the practical procedure that would be used to effectuate such a decision. The District Court then concluded "[w]ell, arguably, I could just make a

3

lesser sentence, but I'm not inclined to do that. So, therefore, I'm going to make it 24 months consecutive." Id. at 78.

These statements do not reflect a confusion over the District Court's ability to order a partially concurrent sentence, but reflect the District Court's lack of desire to shorten the amount of time that Overton would have to serve in prison. They certainly do not constitute an abuse of discretion that would lead this Court to remand the case with instructions regarding the various permissible sentencing decisions that the District Court could reach. A judge is in no way required to put on the record every option that is available to him before settling on a sentence. We therefore decline to remand the case based upon the District Court's alleged lack of understanding regarding its options for sentencing.

Overton's second contention is that the District Court erred in considering its desire to punish Overton in imposing its sentence. This argument relies on the distinctions between the sentencing factors listed under 18 U.S.C. § 3553(a)(2)(A), which sets forth considerations when sentencing for a crime, and 18 U.S.C. § 3583(e), which describes the procedure to be used when revoking a term of supervised release. Although providing punishment for the crime committed is included in the § 3553(a)(2)(A) factors, it is not incorporated by § 3583(e). Because of this, Overton asserts that the District Court improperly relied on its desire to "punish[ Overton] for a separate crime," App. 74, in its decision to require that the sentence for violation of supervised release run consecutively to his sentence for bank robbery.

4

This Court recently concluded that it was permissible for a District Court to consider § 3553(a)(2)(A) factors when revoking supervised release under § 3583(e). United States v. Young, No. 10-1513, --- F.3d ----, slip op. at 12 (3d Cir. 2011) ("We now confront directly the question of whether consideration of the § 3553(a)(2)(A) factors in the revocation context is prohibited, and join the Courts of Appeals for the Second and Sixth Circuits in holding that a district court does not commit procedural error in taking into account those factors when imposing a sentence for the violation of supervised release."). Although "there may be a case where a court places undue weight on the seriousness of the violation or the need for the sentence to promote respect for the law and provide just punishment," the consideration of these factors does not constitute a procedural error by itself. Id. at 18.

Overton also argues that the District Court was focused too strongly on the § 3553(a)(2)(A) factors, but we see no support for this contention in the record. Brief though they may be, the statements of the District Court addressed Overton's criminal history (§ 3553(a)(1)) and the need to protect the public (§ 3553(a)(2)(C)), and also could plausibly be taken to reflect a need for deterrence (§ 3553(a)(2)(B)), all of which are factors explicitly incorporated by § 3583(e). Because the District Court's additional statement regarding the need to punish was not so dominant that it can be described as plain error, we will affirm the District Court's sentence.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

5